UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDRIA R. MELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:13-cv-01712-SEB-TAB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel October 2, 2014, for an oral argument on Plaintiff's claim for disability benefits. Set forth below is the Court's oral ruling from the bench following that argument. As set forth below, the Magistrate Judge recommends that the ALJ's decision be affirmed, and that judgment be entered against Plaintiff and in favor of Defendant. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

THE COURT: Okay, back on the record. Sorry to keep you waiting. It took a little longer than I expected. You all gave me some things to think about. I appreciate the arguments and the briefing.

I will now give you my recommended ruling in this case. The plaintiff, Andria Melton, raises four issues on this appeal: First, whether the ALJ erred in finding no disability due to her major depression, recurrent anxiety disorder, and dependent personality disorder; number two,

whether the ALJ erred in deciding not to summon a psychologist to testify whether the plaintiff's combined impairments equaled a listing; number three, whether the ALJ's credibility determination was patently erroneous; and, number four, whether substantial evidence supports the ALJ's finding that Melton could perform past work and jobs in the national economy.

By way of background, Plaintiff first filed for a period of disability, disability insurance benefits, and supplemental security income on May 26, 2010, alleging a disability onset date of December 31st, 1999. Her claims were denied on October 1st, 2010 and, upon reconsideration, on November 15, 2010.

The ALJ scheduled a hearing on May 1st, 2012, but the hearing did not proceed because of a faulty telephone connection at the Henry County jail, where Plaintiff was incarcerated.

The ALJ attempted a second hearing on June 29, 2012, but the call was not successful due to an apparent technical failure. The ALJ proceeded without Melton's participation in the hearing as Plaintiff had previously waived physically appearing at the hearing if the phone call failed to go through. That's in the record at page 34.

In a June 13, 2012, decision, the ALJ found Plaintiff's mental impairments of affective disorder anxiety and dependent personality disorder only caused a minimal limitation on her ability to perform basic mental work activities and thus were non-severe.

The ALJ also concluded that Plaintiff did not meet or equal a medical listing and found that she could perform past relevant work as a package line worker, and alternatively found Plaintiff could perform jobs in the national economy as a housekeeper, cleaner, stocker, or assembler. Thus, the ALJ determined that Plaintiff was not disabled, and this appeal followed.

This Court must uphold the ALJ's decision if substantial evidence supports his findings, *Terry*, T-E-R-R-Y, *v. Astrue*, 580 F.3d 471 at 475, Seventh Circuit, 2009. The ALJ is obligated

to consider all relevant medical evidence, but need not mention every piece of evidence so long as he builds a logical bridge from the evidence to his conclusion, *Pepper v. Colvin*, 712 F.3d 351 at 362, Seventh Circuit, 2013.

Plaintiff's first argument on appeal concerns the ALJ's determination that Plaintiff was not disabled under listing 12.04 because of her mental impairments. Plaintiff claims that the ALJ's failure to discuss her Abilify, A-B-I-L-I-F-Y, prescription was erroneous, as Abilify is commonly used to treat schizophrenia. However, as counsel acknowledged at oral argument, there's nothing in the record to indicate that Plaintiff suffered from schizophrenia. The medical record consistently indicates that Plaintiff suffered from depression, anxiety, and dependent personality disorder. Moreover, there's no indication that Abilify caused significant side effects, thus failing to mention this piece of evidence was not error.

Plaintiff's reliance on the ALJ's failure to mention Dr. Subhan's GAF score of 40 also does not require a remand. GAF scores are not intended to be used as a measure -- excuse me -- not intended to be used to measure the extent of an individual's disability, but rather are to be used to make treatment decisions, *Denton v. Astrue*, 596 F.3d 419 at 425, Seventh Circuit, 2010.

It is true that the ALJ failed to mention Plaintiff's GAF score of 40, but those scores ranged from 40 to 65. That's in the record at page 711. And most often those scores were in the 50s and 60s. The specific citations to that are set forth in the defendant's brief at page 8.

Instead of focusing on the GAF scores, the ALJ discussed Plaintiff's symptoms in relation to her daily living, social functioning, concentration, persistence in pace, and her episodes of decompensation. The ALJ noted Plaintiff's minimal limitations in daily living. She had no problems with personal care. She could cook, do household chores, go out alone, and shop in stores.

She could care for her daughter and dress and bathe and groom herself and could spend time with others, though she had problems getting along with her family. Those citations can be found in the record at pages 238 through 239, 712 through 724.

The ALJ acknowledged that Plaintiff had some restrictions in functioning, but overall her limitations did not meaningfully interfere with her ability to perform work-related activities. Moreover, the ALJ stressed that Plaintiff repeatedly noted in the record that she is unable to work due to her seizures, not her mental limitations and impairments. That's in the record at pages 243, 252, and 291.

Plaintiff also argues that the ALJ failed to address her treating psychotherapist, Davis -- Davis' opinion. However, Davis was not an acceptable medical source under Social Security Ruling 06-03p because she was not licensed or a certified psychologist. Her full name is Denise Davis.

Melton's treating psychiatrist, however, also did not cosign Davis' evaluation that's in the record, and there was no evidence in the record that Melton's treating psychiatrist agreed with the specific findings in Davis' assessment.

Moreover, the ALJ provided further reasons for discounting Davis' assessment. The ALJ reasoned that Davis' assessment merely recited diagnoses from the Diagnostic and Statistical Manual and failed to cite any of Plaintiff's medical evidence to support her functional assessment. And a review of Davis' evaluation of the record clearly supports that. The ALJ supported his conclusion to give Davis' opinion no weight, and it was not error to do so.

Plaintiff next asserts that the ALJ erred in failing to summon a psychologist to testify as to whether Plaintiff's combined mental impairments met or equaled a listing. The ALJ relied on state agency opinions that did not consider all of the relevant medical evidence. The state

4

opinions were dated October 1st, 2010, and November 15, 2010, which predated Dr. Subhan's December 8, 2011, functional evaluation, and Melton's 2011 and 2012 psychotherapy treatment.

Melton asserts that if the state agency reviewers had considered all the evidence, they would have reasonably determined that she was totally disabled. The ALJ considered relevant evidence, including evidence contrary to his conclusion. He relied upon consultative examiner Dr. Shipley's September 1, 2010, assessment. That was affirmed by a state agency reviewer, F. Kladder, K-L-A-D-D-E-R, on November 10, 2010. It's in the record at pages 712 through 724 and 744.

However, the ALJ acknowledged that the doctors did not see the full record. The ALJ did not mention Dr. Subhan's assessment, but Dr. Subhan did nothing more than list Plaintiff's diagnoses and provide a two-sentence prognosis, which is set forth in the record at page 854. Failing to address this assessment does not require remand, especially because the ALJ discussed and properly discounted Davis' more thorough evaluation of Melton's limitations.

The ALJ discussed evidence contrary to his finding. He noted Plaintiff had some problems getting along with others, as I've indicated, mainly family members. That's in the ALJ's decision on page 16.

The ALJ admitted that the record indicating -- indicated that Plaintiff's impairments interfered somewhat with her ability to sustain focused attention and concentration. However, the ALJ found that the record did not show her mental impairments significantly hindered her ability to perform the timely completion of tasks found in a work setting.

Overall, substantial evidence supports the ALJ's decision not to summon a medical advisor. The ALJ adequately explained how he reached his decision and did not disregard medical evidence contrary to his conclusion, Clifford v. Apfel, 227 F.3d 863 at 873, Seventh

Circuit, 2000. Thus, the Court defers to the ALJ on that issue and remand is not appropriate on that issue.

The plaintiff next claims that the ALJ also erred in his credibility determination because he did not expressly consider the factors set forth in Social Security Ruling 96-7p in assessing Plaintiff's credibility. The Court typically defers to the ALJ in assessing a claimant's credibility and will overturn a credibility determination if it is patently wrong, Getch, G-e-t-c-h, v. Astrue, 539 F.3d 473 at 43, Seventh Circuit, 2008.

This case is a little unusual from the standpoint that the plaintiff did not testify at the hearing, so it's not clear that the ALJ was in a better position to assess the plaintiff's credibility. The contrary to that is that there's established case law indicating that if the ALJ sets forth boilerplate language to assess credibility, that's not appropriate either.

So I took a look at the decision as it relates to what the ALJ said as it relates to credibility. And in my view, a fair reading of the ALJ's decision reveals that the ALJ did assess the plaintiff's credibility and did discuss the 8 factors set forth in Social Security Ruling 96-7p.

Turning to pages 19 through 20 of the ALJ's decision, the ALJ makes the following observations: The ALJ states, "Mindful that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, the undersigned examined the claimant's statements regarding the factors listing in Social Security Ruling 96-7p. The undersigned examines each factor below."

And then, in the following paragraphs, the ALJ makes a number of observations, including the following: "The claimant has described fairly limited daily activities. However, at certain points in the record, she admits to more abilities than she alleges."

Continuing on page 20, the ALJ states, "The undersigned generally finds the claimant's description of the location, duration, frequency, and intensity of her symptoms unpersuasive as they are generally unfounded elsewhere in the record. For example, she alleges debilitating seizures. However, the claimant's doctors have noted no reason why she would be unable to work with usual seizure precautions. Furthermore, she has been inconsistent with appointments, canceling or not showing up on many occasions."

Thus, while the ALJ may not have expressly articulated his credibility determination, the ALJ clearly assessed the plaintiff's credibility and supported his finding that Plaintiff was only partially credible with overwhelming evidence of her daily activities, her medication, her location, duration, frequency, and intensity of her symptoms, and her precipitating or aggravating factors. I don't know how that portion of the ALJ's decision could reasonably be read to any other conclusion.

Plaintiff's final argument concerns the ALJ's finding that Plaintiff could perform past relevant work and jobs in the national economy. Because the ALJ failed to account for Melton's mental limitations in determining her ability to perform work, Plaintiff argues that the ALJ failed to give full consideration to all of Plaintiff's documented impairments in making his Step 4 and Step 5 findings.

The ALJ did not err in finding the plaintiff was not limited due to her mental impairments. The ALJ considered the relevant medical evidence concerning Plaintiff's mental history, but ultimately concluded that her mental impairment did not support a finding that Plaintiff had a severe impairment. The ALJ acknowledged that Davis concluded that Melton had marked limitations in areas of concentration, focus, and maintaining a regular schedule. That's in the record at pages 855 through 858.

However, as noted earlier, the ALJ gave her opinion little weight because she did not provide any evidence to support her conclusion other than quoting language from the Diagnostic and Statistical Manual of Mental Disorders.

Similarly, the ALJ rejected Davis' finding that Melton suffered from marked limitations, as that was undefined on her form, and she was not a medically accepted source for the purposes of making such a source statement. Instead, the ALJ based his mental health analysis off of Dr. Shipley's evaluation, which was affirmed by state agency reviewer F. Kladder. That's in the record at pages 712 through 724 and 744.

Dr. Shipley reported that Plaintiff claimed she was unable to work due to her seizures, not her mental disorders. He concluded that her limitations were related to her seizures -- excuse me, to her seizure disorder, and found her concentration and attention appropriate.

While Dr. Shipley acknowledged that Melton's depression caused moodiness and lack of motivation, he noted that she managed her household fairly well and was able to care for her daughter. Dr. Shipley's evaluation endorsed portions of Dr. Ceola, C-E-O-L-A, Berry's, B-E-R-R-Y, evaluation, but found her concentration, short-term memory, mental calculations, abstracting ability, general knowledge, and attention to task adequate. That's in the record at pages 710 through 711.

Dr. Berry concluded that Melton was capable of managing her own funds, that her mood and affect were stable, and that she was oriented to time, place, people, events, person, purpose, situation, and setting.

The ALJ also relied on Dr. Berry's evaluation in assessing Melton's mental health impairments and concluding that Melton's mental health impairments did not significantly interfere with her ability to perform work-related tasks.

Plaintiff suggested at oral argument that Dr. Berry always feels as though plaintiffs are not disabled, but that conclusion and assertion has no support in the record that's before the Court and, therefore, is mere speculation. It certainly doesn't provide a basis for reversal. In fact, a review of this record shows that Dr. Berry's conclusions are consistent with those of Dr. Shipley and Dr. Kladder.

Based upon this information, the ALJ concluded that Melton's mental impairments did not significantly interfere with her ability to perform work-related activities. Accordingly, the ALJ did not include mental limitations in his RFC determination, and that was not error, as the ALJ supported this decision with substantial evidence.

For these reasons, I find that the ALJ's decision was supported by substantial evidence and I do not believe a remand is appropriate.

I will ask the court reporter to transcribe the portion of this record that reflects those findings. And any appeal from that conclusion will be due 14 days after that record is filed. Anything else, Mr. Mulvany?

        MR. MULVANY: No, Your Honor.

        THE COURT: Mr. Kieper, anything else?

        MR. KIEPER: No, Your Honor.

        THE COURT: Thank you.

        MR. MULVANY: Thank you, Judge.

(Proceedings adjourned at 3:54 p.m.)

Dated: 10/10/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Joshua P. Dehnke
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
joshua.dehnke@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov