UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDRIA R. MELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-01712-SEB-TAB |
| | ) | |
| CAROLYN W. COLVIN Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner
of Social Security ("Commissioner") finding Plaintiff Andria R. Melton not entitled to
Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant
to the Social Security Act ("the Act"), 42 U.S.C. § 405(g), from December 31, 1999
through July 13, 2012. The Administrative Law Judge ("ALJ") denied Ms. Melton's
application for DIB and SSI after concluding that Ms. Melton was not disabled and that
there are jobs that exist in significant numbers in the national economy that Ms. Melton
can perform, including as a Housekeeper Cleaner, Stocker, and Assembler. This case was
referred to Magistrate Judge Baker for a report and recommendation, which he issued on
October 10, 2014, holding that the Commissioner's decision that Ms. Melton was not
disabled was supported by substantial evidence. This cause is now before the Court on
Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

## Standard of Review

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368-69 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. P. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been

raised by a party.  *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759-61 (7th Cir. 2009).

## Discussion

Plaintiff makes a single objection to the Magistrate Judge's Report and Recommendation – that the Magistrate Judge erred in finding that the ALJ's failure to make an express credibility determination was not patently erroneous under Social Security Rule 96-7p.[1]  *See* SSR 96-7p, 1996 WL 374186 (July 2, 1996); Dkt. No. 31 at 1-2 (specifically, Plaintiff argues that the ALJ failed to "make a finding about the credibility of the individual's statements about the [physical or mental impairment(s)] and its functional effects" and "carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements.").[2]  Plaintiff does not contend that the ALJ failed to make a credibility determination with respect to her positions, but complains that the ALJ failed to *expressly* state in his opinion that he made a credibility determination.  [Dkt. No. 31 at 2

---

[1] Plaintiff also states that "[f]or the requirements of SSR 96-7p and the regulation, the ALJ substituted his own layman's psychological opinions, based on only selected portions of the evidence.  Further, he ignored the quite severe behavioral problems caused by her mental illness." [Dkt. No. 31 at 2.]  Plaintiff does not provide any argument or explanation for these complaints. Any such position has been waived by Plaintiff's failure to fully develop these arguments in her objection to the Magistrate Judge's Report and Recommendation.  *See United States v. Adams*, 625 F.3d 371, 378 (7th Cir. 2010) (failing to develop argument in meaningful way waives argument); Fed. R. Civ. P. 72(b)(2) (requiring that objections to the Magistrate Judge's recommendation be "specific").

[2] Paragraph 3 of SSR 96-7p applies when "a disability determination or decision . . . is fully favorable to the individual [and] cannot be made solely on the basis of objective medical evidence."  SSR 96-7p(3).  Here, the ALJ's decision was not fully favorable to Ms. Melton; nonetheless, the ALJ engaged in an analysis of Ms. Melton's statements about her symptoms in conjunction with the other relevant evidence.

("[T]he ALJ obviously determined that the allegations by the claimant of her total disability were not credible, because he denied her claim for disability benefits.").]

Plaintiff advocates elevating form over substance in seeking an order to remand the ALJ's decision simply to allow the ALJ to expressly say what Plaintiff concedes actually occurred:  that he made a credibility determination.  The absence of a credibility template statement does not persuade us that there is a sound basis to remand the ALJ's decision.  "[T]he cases make clear that the ALJ must *specify* the reasons for his finding so that the applicant and subsequent reviewers will have a fair sense of the weight given to the applicant's testimony."  *Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003) (emphasis added).  Indeed, a superficial credibility statement that lacks any analysis would be objectionable but the converse, a robust credibility determination with no accompanying template statement, is not.  *See, e.g. Allen v. Astrue*, No, 1:11-cv-01485-JMS, 2012 WL 6094169, at *6 (S.D. Ind. Dec. 7, 2012) ("Conclusory determinations of credibility are also expressly prohibited.") (citing *Parker v. Astrue*, 597 F.3d 920, 921-22 (7th Cir. 2010) (language in ALJ's opinion that claimant's statements regarding symptoms were not entirely credible was "not only boilerplate; it is meaningless boilerplate," and "yield[ed] no clue to what weight the trier of fact gave the testimony")).

The Seventh Circuit has held that "where the reasoning of the ALJ's decision is apparent, we do not require the ALJ to articulate explicitly his credibility determinations." *Arbogast v. Bowen*, 860 F.2d 1400, 1406 (7th Cir. 1988) (citations omitted); *Sawyer v. Colvin*, 512 Fed. Appx. 603, 608 (7th Cir. 2013) ("Credibility assessments need not be explicit, or particularized to specific testimony.") (internal citations omitted) (citing

*Arbogast*, 860 F.2d at 1406; *Shideler v. Astrue*, 688 F.3d 306, 312 (7th Cir. 2012)).  Indeed, this Court has repeatedly found ALJs' credibility determinations sufficient despite the omission of an "express credibility determination."  *See Youngblood v. Colvin*, Cause No. 1:14-cv-204-WTL-DKL, 2015 WL 667993, at *4-5 (S.D. Ind. Feb. 17, 2015); *Goodpaster v. Colvin*, No. 1:13-cv-00864-SEB-DKL, 2014 WL 4804274, at *2 (S.D. Ind. Sept. 26, 2014); *R.J. ex rel. Taylor v. Colvin*, No. 1:11-cv-01001-SEB-DKL, 2014 WL 1328166, at *4-5 (S.D. Ind. Mar. 28, 2014).

As the Magistrate Judge notes, this case is unusual because the claimant was not present at the hearing – she waived her participation in the hearing if the second attempted phone call failed (which it did).  [Record at 34.]  However, the ALJ's opinion includes observations that support a conclusion that he made a credibility determination and analyzed Plaintiff's complaint and statements by following the 8 factors set forth in Social Security Ruling 96-7p.  For example, the ALJ's decision contains the following findings related to the credibility of Plaintiff:

> Mindful that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, the undersigned examined the claimant's statements regarding the factors listing in Social Security Ruling 96-7p. The undersigned examines each factor below.

[Record at 19.]

> The claimant has described fairly limited daily activities. However, at certain points in the record, she admits to more abilities than she alleges.  Again, the claimant cooks, cleans, and shops for herself, has no problems with personal care, stating she is able to function independently and take care of her own basic needs.  These daily activities are not as limited as one would expect given the claimant's complaints of exceptional functional limitations.  In addition, as mentioned earlier, the record reflects work activity after the

alleged onset date. Although that work activity did not constitute disqualifying substantial gainful activity, it does indicate the claimant's daily activities have, at least at times, been somewhat greater than she has generally reported.

[*Id.* at 19-20.]

The undersigned generally finds the claimant's description of the location, duration, frequency, and intensity of her symptoms unpersuasive as they are generally unfounded elsewhere in the record. For example, she alleges debilitating seizures. However, the claimant's doctors have noted no reason why she would be unable to work with usual seizure precautions. Furthermore, she has been inconsistent with appointments, canceling or not showing up on many occasions.

[*Id.* at 20.]

As to the type, dosage, effectiveness and side effects of medications, the claimant is taking various medications for her impairments. She has not reported any side effects from these medications. There is also evidence that the claimant has not been compliant in taking prescribed medications. Further, a note from her neurologist in June 2007 indicates that she was released to work, okay to work on medication, and medication should not interfere with her ability to do her job (Exhibit 5F at 93).

[*Id.*] We concur with the Magistrate Judge that we "don't know how that portion of the ALJ's decision could reasonably be read to any other conclusion" than that of a clear assessment of Plaintiff's credibility. [*See* Dkt. No. 29 at 7.]

Contrary to Plaintiff's argument, neither our review nor the Magistrate Judge's review is an improper post hac rationalization to reach a credibility determination for the ALJ. Rather, we have considered the ALJ's opinion and analysis to determine whether he made the requisite credibility determination. *See, e.g., Holt v. Colvin*, No. 1:13cv-1891-WTL-DKL, 2014 WL 6065897, at *4, n.2 (S.D. Ind. Nov. 13, 2014); *Bell v. Colvin*, No. 13 C 1879, 2014 WL 3974233, at *3, n.2 (N.D. Ill. Aug. 12, 2014) ("*Chenery* requires that

an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself, and the government's reliance on reasons not articulated by the ALJ violates this doctrine.") (citations omitted). We find that the ALJ included a credibility determination in his analysis, and appropriately so.

The cases cited by Plaintiff are unpersuasive and distinguishable. Plaintiff cites *Steele v. Barnhart*, 290 F.3d 936 (7th Cir. 2002). In *Steele*, the ALJ dismissed the claimant's description of his limitations in a single sentence and did not apply the factors of Social Security Ruling 96-7p. The Seventh Circuit found that "[i]nvoking a legal rule does not substitute for complying with the requirements of that rule, and here the ALJ's evaluation of Steele's credibility does no more than cite ruling 96-7p without supplying any of the details demanded by that provision." *Id.* at 942. This is vastly different from the multiple-paragraph analysis of Ms. Melton's claims and the record evidence contained in the ALJ's opinion here.

The Seventh Circuit in *Golembiewski v. Barnhart*, 322 F.3d 912 (7th Cir. 2003) noted that the ALJ "cannot state simply that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* at 915. The ALJ in *Golembiewski* did not set forth any reasons why the ALJ found the claimant's position unbelievable. *Id.* As evidenced above, the ALJ here contrasted the claimant's testimony with conflicting record evidence to reach his conclusion.

In *Tolbert v. Colvin*, No. 1:11-cv-001530-SEB-DKL, 2013 WL 937819 (S.D. Ind. Mar. 7, 2013), we found that "the ALJ did not consider the entire record, meaning evidence

of [the claimant's] mental impairments and restrictions therefrom." *Id.* at *4. We held that "the ALJ's credibility determination was perfunctory and merely a boilerplate statement." *Id.* at *5. The contrary is true here where the ALJ omitted a perfunctory, boilerplate statement of a credibility determination, but included a thorough analysis of the evidence with respect to Ms. Melton's credibility. The ALJ here performed a credibility analysis of Plaintiff's claims and statements as required by SSR 96-7p.

### Conclusion

Plaintiff's objections to the Report and Recommendation of the Magistrate Judge lack merit. Therefore, these objections are OVERRULED and we adopt the recommendations set forth in the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.


03/20/20

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Joshua P. Dehnke
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
joshua.dehnke@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov